IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS, INDIANA

| | |
|---|---|
| **DERRICK NELSON** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No.: 1:21-cv-2680-TWP-TAB |
| | ) |
| **INGREDION INCORPORATED** | ) |
| | ) |
| Defendant, | ) |

**AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, name-above, complains of act and omissions by the Defendant. In support of his Complaint and as cause of action against the Defendant, Plaintiff respectfully submits the following:

**JURISDICTION**

1. This suit is authorized and instituted pursuant to Title VII 42 U.S.C. § 2000e. and 42 U.S.C. § 1981 as amended by the Civil Rights Act OF 1991; the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq., the Americans With Disabilities Act, 42 U.S.C.A. § 2000e-5., 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) and received a notice to sue on October 23, 2021.

3. Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) and received a notice to sue on June 15, 2021.

**PARTIES**

4. Plaintiff is an African-American male and at all relevant times he resided in the Southern District of Indiana.

5. Defendant is a corporation doing business in the State of Indiana in the Southern District of Indiana.

### FACTS

6. Plaintiff began working for the Defendant in 2017.

7. Plaintiff suffers from a disability.

8. Plaintiff performed his job well.

9. At the time in question, Plaintiff's position was a starch operator.

10. Plaintiff is a qualified individual with a disability approved for intermittent FMLA to cover episodic issues associated with his disability.

11. During his employment, Plaintiff's supervisor's manager has discouraged Plaintiff and other employees from taking approved FMLA time off.

12. Plaintiff took time off pursuant to his disability.

13. Plaintiff was suspended and terminated for allegedly accruing more than 10 attendance points.

14. Plaintiff was walked out of the building without prior warnings, written disciplinary actions, and other steps that are to precede termination.

15. A few hours after being terminated and walked out of the building, Defendant's HR contacted him and had him take a drug screen.

16. Plaintiff passed the drug screen.

17. After being off work for one or two weeks, Plaintiff was returned to work, but he was not paid for the time he was off.

18. Defendant's HR adjusted his attendance points to the correct level.

19. In May 2021, Plaintiff requested the necessary documentation to request FMLA leave.

20. Defendant refused to give Plaintiff the FMLA paperwork.

21. Plaintiff was not given any FMLA paperwork until July 2021.

22. In July 2021, Plaintiff returned to work.

23. When Plaintiff returned to work he was constantly harassed.

24. In August 2021, Plaintiff was constructively discharged.

25. Defendant did not pay Plaintiff for the previous week worked.

26. A similarly situated employees outside of Plaintiff's protected class have engaged in conduct of comparable seriousness but they have not been terminated or suspended. Plaintiff was terminated due to his race. Plaintiff was suspended due to his race.

27. Plaintiff was suspended and terminated due to his disability. Plaintiff was constructively discharged due to his disability and race. Defendant interfered with Plaintiff's FMLA rights. Defendant retaliated against Plaintiff for engaging in protected activity.

28. Similarly situated employees outside of Plaintiff's protected class have engaged in conduct of comparable seriousness but they have not been terminated or suspended.

29. In August 2021, Plaintiff was constructively discharged.

30. Plaintiff was terminated due to his race.

31. Plaintiff was suspended due to his race.

32. Plaintiff was suspended and terminated due to his disability.

33. Defendant interfered with Plaintiff's FMLA rights.

34. Defendant retaliated against Plaintiff for engaging in protected activity.

## COUNT I

35. Plaintiff incorporates by reference paragraphs 1-34.

36. Defendant, as a result of terminating Plaintiff due to his race, violated 42 U.S.C. § 1981.

## COUNT II

37. Plaintiff incorporates by reference paragraphs 1-34.

38. Defendant, as a result of terminating Plaintiff due to his race, violated Title VII 42 U.S.C. § 2000 et al.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

## COUNT III

39. Plaintiff incorporates by reference paragraphs 1 -34.

40. Defendant, as a result of interfering with Plaintiff's FMLA rights, violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq.

## COUNT IV

41. Plaintiff incorporates by reference paragraphs 1 -34.

42. Defendant, as a result of retaliating against Plaintiff for engaging in protected activity, violated the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq.

## COUNT V

43. Plaintiff incorporates by reference paragraphs 1-34.

44. Defendant, as a result of terminating Plaintiff due to his disability, violated the Americans with Disabilities Act, 42 U.S.C.A. § 2000e-5.

## COUNT VI

45. Plaintiff incorporates by reference paragraphs 1-34.

46. Defendant, as a result of retaliating against Plaintiff for engaging in protected activity, violated the Americans With Disabilities Act, 42 U.S.C.A. § 2000e-5.

## COUNT VII

47. Plaintiff incorporates by reference paragraphs 1-34.

48. Defendant, as a result of retaliating against Plaintiff for engaging in protected activity, violated the Americans With Disabilities Act, 42 U.S.C.A. § 2000e-5.

## COUNT VIII

49. Plaintiff incorporates by reference paragraphs 1-34.

50. Defendant, as a result of failing to pay Plaintiff, violated the Fair Labor Standards Act of 1938 29 U.S.C. § 203.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Award Plaintiff back pay and benefits lost;

B. Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

C. Award Plaintiff punitive damages;

D. Award Plaintiff liquidated damages;

E. Award Plaintiff his cost in this action and reasonable attorney fees;

F. Grant Plaintiff any other relief which is allowable under the circumstances of this case.

Respectfully Submitted

                                          s//Amber K. Boyd
                                          Amber K. Boyd, 31235-49
                                          Attorney for Plaintiff

## REQUEST FOR JURY TRIAL

Comes now the Plaintiff and requests that this cause be tried by a jury.

                                          Respectfully Submitted

                                          s//Amber K. Boyd
                                          Amber K. Boyd, 31235-49
                                          Attorney for Plaintiff

Amber K. Boyd, 31235-49
Amber K. Boyd Attorney at Law
8510 Evergreen Avenue
Indianapolis, in 46240
(317) 210-3416